OPINION OF THE COURT
George A. Reed, J.
This is an action for divorce. The case was placed on a matrimonial default calendar and, in lieu of oral testimony, *530 plaintiff submitted a notice of summary judgment "pursuant to 170 (6) of the Domestic Relations Law and 3212 of the Civil Practice Law and Rules, granting summary judgment herein upon the Defendant’s default”.
Apparently, the enactment of chapter 532 of the Laws of 1978 has created some uncertainty among the members of the Bar. The Judicial Conference, in its report on the proposed change wrote: "oral testimony has become a mere formality in default and consent cases involving no questions of custody, alimony or support for children. Rule 660.4 (b) (3)” (McKinney’s Session Laws of NY, 1978, p 1893). Such verbiage might infer an intention to limit the application of the statute to only the select group of cases where questions of custody, visitation, alimony and support do not exist. The authors of New York Civil Practice state that summary judgment is not appropriate in proceedings governing the welfare of children and that ancillary relief may not be granted in matrimonial cases. (4 Weinstein-Korn-Miller, NY Civ Prac, pars 3212.16 and 3215.27a.) No such limitation is contained in the express wording of amended CPLR 3212, section 211 of the Domestic Relations Law or in the memoranda accompanying chapter 532 of the Laws of 1978. The latter states: "The Appellate Division, First Department, has adopted a rule, effective June 1976, which permits the entry of default judgments on the pleadings and affidavits in uncontested matrimonial actions in Bronx and New York Counties (22 NYCRR 660.4 (b) (3)). Experience under this rule has been very successful. This bill would make the First Department’s procedure applicable to the entire state.” (McKinney’s 1978 Session Laws, p 1730.)
Thus, while there exists a line of cases requiring oral proof in such matters, there is expressed in the statute and in the accompanying memorandum, the intent to adopt the procedures of the First Department.
The practice in the First Department is to distinguish between a motion for summary judgment which is available only after issue is joined and a default where proof is made by affidavit. The latter are noticed for a "submission calendar” and accompanied by submission of the summons, verified complaint, proof of service, affidavit of regularity, affidavit as to residence of children pursuant to section 75-j of the Domestic Relations Law, proposed certificate of dissolution, proposed findings of fact, conclusions of law and judgment together with the affidavit pursuant to section 211 of the Domestic Relations *531 Law. A note of issue is the proper procedure for defaults and a notice of motion is unnecessary. Although the complaint has been verified, it does not serve the function of the required affidavit for the reason that pleadings state ultimate rather than evidentiary facts. The required affidavit must state, in evidentiary form, every fact necessary to establish the jurisdiction of the court. It also should set forth the evidentiary facts sustaining the cause of action and any ancillary relief, such as custody, visitation, alimony and support requested. For instance, if child support is requested, the parent’s ability to pay must be shown.
To hold that the remedy of summary judgment or proof of default by affidavit is not available where custody, visitation, alimony and support are to be determined would undo the purpose of the statute.
Since this case already has been on a court calendar, there is no necessity of filing another note of issue. However, proposed findings of fact, conclusions of law and a revised judgment after default (rather than a summary judgment) must be submitted.